[L. A. No. 8945. In Bank.—March 18, 1927.]

In the Matter of the Estate of ALFRED HINDE, Deceased. LILLIE HINDE et al., Appellants, v. ARTHUR DIEDERICHSEN, Respondent.

[1] ESTATES OF DECEASED PERSONS—WILL CONTEST—MOTION FOR NON-SUIT—CONSIDERATION OF EVIDENCE.—Upon a will contest all of the evidence in favor of the contestants must, as against a motion for a nonsuit, be taken as true, and contradictory evidence, if any, must be disregarded; and this having been done, if there is any substantial evidence tending to prove the facts necessary to make out the contestant's case, the motion for a nonsuit must be denied and the case given to the jury.

[2] ID.—CONFIDENTIAL RELATIONS—UNDUE INFLUENCE—FRAUD—INSUFFICIENCY OF EVIDENCE.—In this will contest it is held that the record fails to disclose any evidence tending to show or establish that a confidential relationship existed between the decedent and the respondent and likewise fails to reveal any evidence which would give credence to the allegations and assertions of undue influence and fraud.

[3] ID.—WILLS—RIGHT TO MAKE UNJUST OR UNNATURAL WILL.—A testator has the right to make an unjust, or an unreasonable, or even a cruel will, and no will may be legally set aside on the mere establishment that it is such a will.

[4] ID.—UNDUE INFLUENCE—PROOF.—In order to set aside a will upon the ground of undue influence it must be shown that pressure

---

1. See 26 Cal. Jur. 764.
3. See 26 Cal. Jur. 689; 28 R. C. L. 149.
4. See 26 Cal. Jur. 641.

was brought to bear upon the testator which overpowered his mind and overcame his volition at the very time the will was made and that the will was not the expression of his own desires.

[5] ID. — INTEREST AND OPPORTUNITY — PRESUMPTION. — The presumption of undue influence is not raised by proof of interest and opportunity alone.

(1) 40 Cyc., p. 1332, n. 47, p. 1334, n. 63 New.   (2) 40 Cyc., p. 1165, n. 87, p. 1169, n. 15.   (3) 40 Cyc., p. 1079, n. 89, p. 1080, n. 90.   (4) 40 Cyc., p. 1144, n. 53, p. 1145, n. 55.   (5) 40 Cyc., p. 1151, n. 94, p. 1165, n. 87, p. 1332, n. 47, p. 1352, n. 15.

APPEAL from a judgment of the Superior Court of San Diego County. W. P. Cary, Judge. Affirmed.

The facts are stated in the opinion of the court.

Sweet, Stearns & Forward for Appellants.

Eugene Daney for Respondent.

THE COURT.—This is an appeal by the above-named contestants from a judgment of nonsuit and from an order granting a new trial.

Alfred Hinde, the decedent, was a resident of and died in the county of San Diego on November 14, 1923, at the age of seventy-one years. He left surviving him as his only heirs at law certain nieces and nephews, the contestants herein. By the terms of a holographic will bearing date October 25, 1923, the decedent bequeathed all of his property to the proponent, Arthur Diederichsen, a friend of some years standing. The value of the estate is asserted to be in excess of fifty thousand dollars. Upon the petition of the sole beneficiary, who is also named therein as executor, the said will was duly admitted to probate and letters testamentary issued to him. Thereafter the appellants filed their contest urging several grounds in support of a revocation of probate. As stated in the appellants' brief the grounds of contest were: "(1) That the will was a forgery; (2) That the testator was of unsound mind at the time of the execution of the will; (3) That the will was the result of undue influence of

5. See 26 Cal. Jur. 650; 28 R. C. L. 144.

Arthur Diederichsen exercised upon decedent by him when a relation of confidence and trust existed between decedent and said Diederichsen; (4) That the will was the product of a fraud practiced upon decedent by Arthur Diederichsen; (5) That the will was the result of undue influence exercised by Arthur Diederichsen; (6) That the·will was mutilated, canceled and torn by decedent prior to his death, for the purpose of revoking the same." After issue joined, the cause was tried before a jury. A motion for nonsuit subsequently made on behalf of the respondent herein was granted as to all of the grounds of contest excepting that which had for its purpose an attack on the testamentary capacity of the testator. This latter issue was thereupon submitted to the jury and it returned a verdict declaring the decedent to have been of unsound mind at the time he executed his will. In conformity with the terms of said verdict judgment was entered revoking the probate of decedent's will. The trial court thereafter made its order granting the respondent's motion for a new trial upon said issue of testamentary capacity.

In support of their appeal from the judgment of nonsuit the appellants contend that evidence had been introduced by them sufficient to warrant the submission to the jury of the issues raised by the grounds of contest numbered one, three, four, five, and six. It is asserted by the contestants that the evidence adduced by them established the existence of a confidential relationship between the decedent and the·respondent and an activity upon the latter's part in procuring the execution of the will, which, when considered together, were sufficient to place the burden upon the proponent of proving that the will was not induced by undue influence or fraud.

[1] We are in accord with the rule announced in *Estate of Newhall*, 190 Cal. 709, 719 [28 A. L. R. 778, 214 Pac. 231, 235], cited by the appellants, which upon a will contest requires that "all of the evidence in favor of the contestant must, as against a motion for a nonsuit, be taken as true, and contradictory evidence, if any, must be disregarded. This having been done, if there is any substantial evidence tending to prove the fact necessary to make out the contestant's case, the motion for a nonsuit must be denied and the case given to the jury." Application of this rule to the instant case, however, clearly indicates the correctness of the

trial court's judgment of nonsuit.  [2]  A painstaking re-
search of the record fails to disclose any evidence tending
to show or establish that a confidential relationship existed
between the decedent and the respondent and likewise fails
to reveal any evidence which would give credence to the
allegations and assertions of undue influence and fraud.

Our survey of the record indicates that the decedent, a
retired physician, and the respondent were intimate and
warm personal friends for a number of years.  On Sep-
tember 9, 1923, the testator became ill as a result of having
partaken of tainted fowl and the respondent, upon learning
of his plight, immediately attempted to alleviate his suffer-
ing.  Conscious of his duty to a friend the respondent
remained with the decedent at the latter's home for several
nights ministering to his wants.  The respondent thereafter
removed the decedent to his (respondent's) home, where he
could receive that care required by one so afflicted.  Subse-
quently, and when the circumstances necessitated it, the
testator was removed by the respondent to the Paradise
Valley Sanitarium, where he also remained with him for
several nights.  His visits to the decedent at the hospital
were of frequent occurrence and continued until the decedent
passed away on November 14, 1923.  At this point it may be
remarked that the evidence discloses that all of the con-
testants, excepting Lillie Hinde, were residents of England.
They had not seen the testator for many years and their
communication with him had been confined to an occasional
exchange of letters.  The contestant Lillie Hinde, however,
had come to the United States at the solicitation of the
decedent.  For a period of time they resided together.  It
appears from various communications addressed by the
decedent to the contestants long prior to his demise that he
was grieved at the treatment accorded him by said con-
testants, and more particularly by Lillie Hinde.  In addition
to this, the decedent had remarked to several witnesses that
he did not want Lillie Hinde near him, as they could not live
together amicably.  It is also significant to note in this
respect that the decedent had, approximately two weeks
prior to his death, addressed a letter to the contestant Minnie
Eaton in England wherein he stated that he was staying
with "very dear friends who consider me one of the family
& they are doing everything possible for me & are most

attentive to my every need & request. I've known them for years and I'm greatly indebted to them for a thousand & one kindnesses done.'' This same missive likewise indicated that the decedent had ''dropped Lillie altogether & will not allow her to come near me'' as she was ''inconsiderate'' and ''unkind.''

[3] With this picture before us it is easily understood why the testator chose to bestow his worldly accumulations upon the friend who had served him well rather than upon nieces and nephews from whom, for a long period of time, he had been disassociated if not alienated. When these matters are borne in mind there would appear to be nothing unnatural about the dispositive provisions of the decedent's will. However, even could it be said to be an unnatural will, and upon this question we express no opinion, it would be sufficient to state that a testator has the right to make an unjust, or an unreasonable, or even a cruel will, and no will may be legally set aside upon the mere establishment that it is such a will. (*Estate of Smith, ante,* p. 152 [252 Pac. 325]; *Estate of Martin,* 170 Cal. 657 [151 Pac. 138].)

[4] We are unable to conclude that the evidence introduced by the contestants is sufficient to warrant an inference that the will in question was the product of and induced by undue influence exerted by the respondent upon the testator. There is an utter lack of any proof of pressure brought to bear upon the testator which overpowered his mind and overcame his volition at the very time the will was made. (*Estate of Perkins,* 195 Cal. 699 [235 Pac. 45]; *In re Rick's Estate,* 160 Cal. 450 [117 Pac. 532].) It is necessary to show not only that undue influence has been exercised, but also that it has produced an effect upon the mind of the testator by which the will which he executes is not the expression of his own desires. [5] The presumption of undue influence is not raised by proof of interest and opportunity alone. ''In order to set aside a will for undue influence, there must be substantial proof of a pressure which overpowered the volition of the testator at the time the will was made.'' (*Estate of Bryson,* 191 Cal. 521, 541 [217 Pac. 525, 533]; *Estate of Newhall,* 190 Cal. 709, 717 [28 A. L. R. 778, 214 Pac. 231].) In the instant case there is not, in our opinion, one iota of evidence tending to show the circumstances prevailing at the very time the will

was executed.  The contestants merely have shown that the respondent at the time subsequent to the date appearing on the face of the will, and pursuant to the testator's request, attempted to have a certain attorney at law visit the testator.  And that, in compliance with a second request of the decedent, the respondent succeeded in bringing said attorney to the Paradise Valley Sanitarium to see the testator on the day preceding his death.  It was on the occasion of this visit that the respondent delivered the holographic will in question to the decedent, who, in turn, delivered it to said attorney for examination.  Called on behalf of the contestants under section 2055 of the Code of Civil Procedure, the respondent disclaimed all knowledge of the existence or whereabouts of the will until the day preceding the testator's death when, in response to the latter's direction, he removed the will from its resting place under the mattress in the bed occupied by the decedent while staying at the respondent's home.  Subsequent to a perusal of the contents of said will by the attorney of the testator's own choosing, the instrument was left by the decedent in the custody of said attorney.  This evidence is uncontradicted and standing alone fails to show that the mind of the testator, at the time of making the will, was subjugated to and dominated by the desires and designs of the respondent to the point of undue influence.

Nor do we think there is any evidence which tends to support an inference that the will in question was induced by the fraudulent statements charged to the respondent.  It may be conceded that the record discloses sufficient opportunity for the making of the alleged false statements.  This, however, is not enough.  In our opinion, there is a dearth of evidence tending to show that said false and fraudulent statements were, in fact, made.

The record is also devoid of all evidence that might tend to establish the first and sixth grounds of contest.  It therefore becomes unnecessary to consider either of these grounds of contest, inasmuch as they were apparently abandoned upon the trial.

And, though the contestants filed a notice of appeal from the order granting a new trial upon the issue of testamentary capacity presented by the second ground of contest, it likewise becomes unnecessary to consider this phase of the case, for said contestants state in their brief that they ''are not

here urging reversible error in the action of the trial court in making its order granting a new trial.'' The appeal from said order may, therefore, properly be considered as having been abandoned by the contestants.

For the foregoing reasons, the judgment of nonsuit and the order granting a new trial appealed from herein are, and each is, hereby affirmed.